Ralph L. MINKER, Plaintiff,

v.

BALTIMORE ANNUAL CONFERENCE
OF the UNITED METHODIST CHURCH
and Joseph A. Yeakel, Defendants.

Civ. A. No. 87–2018 SSH.

United States District Court,
District of Columbia,
Civil Div.

Nov. 17, 1988.

David Stewart Eggert, Washington, D.C.,
for Minker.

Thomas R. Kline, Washington, D.C., for
Baltimore Annual Conference of the United
Methodist Church.

Thomas E. Starnes, Washington, D.C., for
Yeakel.

MEMORANDUM OPINION

STANLEY S. HARRIS, District
Judge.

This matter is before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

*Background*

Plaintiff, age 63 at the time this suit was filed, is an employee of the Baltimore Annual Conference of the United Methodist Church.[1] Plaintiff was ordained as a minister of the Church in 1950 and served as a pastor from 1950 to 1973.[2] In 1973, plaintiff began service in a special appointment in the District of Columbia. That service, which included work as a vocational counselor, lasted until 1983. In 1982, plaintiff requested that he be returned to a pastoral appointment.

In November 1983, plaintiff assumed the pastorate of Mount Rainier United Methodist Church on a temporary, emergency basis. According to plaintiff, that church could only afford to pay the minimum salary required by the Annual Conference, which is below what a pastor of his experience and qualifications is to be paid. The District Superintendent of the Annual Conference assured plaintiff that he would be moved to a more suitable congregation at the earliest time possible.[3] Since January 1984, plaintiff has repeatedly requested a new pastoral appointment within the Annual Conference. Those requests have been denied.

Plaintiff believes that he has been denied a new appointment because of his age. He brings the above-captioned action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, the Maryland Human Relations Law, Md.Ann.Code Art. 49B, § 16, and common law principles of breach of contract. Plaintiff seeks to enjoin de-

---

1. The United Methodist Church is made up of numerous annual conferences, each of which covers a particular geographic area.

2. His pastoral service from 1950 to 1967 was outside of the Baltimore Annual Conference.

3. According to the complaint, the District Superintendent was a member of then-Bishop Frederick Wertz's "cabinet."

fendants from practicing age discrimination and to compel them to implement a program of performance evaluation of clergy. He also seeks monetary damages and costs. Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### Discussion

The Supreme Court has consistently held that courts must refrain from resolving essentially ecclesiastical disputes. *See e.g., Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151, *reh'g denied,* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976); *Presbyterian Church v. Hull Memorial Presbyterian Church,* 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969); *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church,* 344 U.S. 94, 73 S.Ct. 143, 97 L.Ed. 120 (1952); *Gonzalez v. Roman Catholic Archbishop,* 280 U.S. 1, 50 S.Ct. 5, 74 L.Ed. 131 (1929); *Watson v. Jones,* 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1871). This refusal to interject judicial judgment into matters of ecclesiastical concern is necessary to avoid "excessive government entanglement with religion." *Walz v. Tax Comm'n,* 397 U.S. 664, 667, 90 S.Ct. 1409, 1410, 25 L.Ed.2d 697 (1970).

Here, plaintiff first asks the Court to apply the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.,* to the employment relationship between a pastor and the United Methodist Church. It has been widely held that application of various civil rights statutes to such a relationship is barred by the First Amendment.[4] The Court finds nothing in the ADEA, similar in purpose and general construction to Title VII, that would permit an exception to this general rule. As the Fifth Circuit held in an action brought under 42 U.S.C. §§ 1981, 1983:

This case involves the fundamental question of who will preach from the pulpit of a church, and who will occupy the church parsonage. The bare statement of the question should make obvious the lack of jurisdiction of a civil court. The answer to that question must come from the church.

*Simpson v. Wells Lamont Corp.,* 494 F.2d 490, 492 (5th Cir.1974). Although the state's interest in deterring employment discrimination is compelling, it does not override the protection that the church claims under the free exercise clause: freedom from interference in determining whose voice speaks for the church.[5] Plaintiff's claims under the Maryland Human Relations Law and common law principles of breach of contract meet the same obstacle. Thus, the complaint must be dismissed.

---

**4.** *See Hutchison v. Thomas,* 789 F.2d 392 (6th Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986) (First Amendment precludes exercise of jurisdiction over minister's challenge to forced retirement); *Rayburn v. General Conference of Seventh-Day Adventists,* 772 F.2d 1164 (4th Cir.1985), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986) (First Amendment bars Title VII action against church by one of its ministers); *Kaufmann v. Sheehan,* 707 F.2d 355 (8th Cir.1983) (First Amendment bars inquiry into allegations that religious officials prevented plaintiff from obtaining employment in priesthood); *EEOC v. Southwestern Baptist Theological Seminary,* 651 F.2d 277 (5th Cir.), *reh'g denied,* 659 F.2d 1075 (5th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1749, 72 L.Ed.2d 161 (1982) (application of Title VII to ordained faculty at seminary violated First Amendment); *McClure v. Salvation Army,* 460 F.2d 553 (5th Cir.), *cert. denied,* 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153, *reh'g denied,* 409 U.S. 1050, 93 S.Ct. 513, 34 L.Ed.2d 504 (1972).

**5.** Plaintiff seeks an order compelling the United Methodist Church to implement a systematic program of performance evaluation for pastors. This, too, falls within the purview of the Church.